*588 OPINION.
Black :
The respondent held that, when .petitioner purchased its own bonds for less than par on the open .market and retired same during the years when purchased, the difference between the issuing price and the price paid for them for retirement represented taxable gain or income. The Board has considered this question in a number of cases, both where a corporation purchased its own bonds for investment and where it. purchased them for retirement, and, following Bowers v. Kerbaugh-Empire Co., 271 U. S. 170, has held that the difference between the issuing price at which said bonds were sold and the price for which they were purchased by the corporation does not represent taxable gain to the corporation. Meyer Jewelry Co., 3 B. T. A. 1319; Independent Brewing Co., 4 B. T. A. 870; New Orleans, Texas & Mexico Railway Co., 6 B. T. A. 436; Houston Belt & Terminal Railway Co., 6 B. T. A. 1364; Indianapolis Street Railway Co., 7 B. T. A. 397; National Sugar Mfg. Co., 7 B. T. A. 577; Petaluma & Santa Rosa Railway Co., 11 B. T. A. 541; General Manifold & Printing Co., 12 B. T. A. 436; Douglas County Light & Water Co., 14 B. T. A. 1052; American Seating Co., 14 B. T. A. 328; Eastern Steamship Lines, Inc., 17 B. T. A. 787; Kirby Lumber Co., 19 B. T. A. 1046.
Under the authority of the cases above cited, we hold that the respondent erred in determining that petitioner realized a taxable gain upon the purchase and retirement of the bonds involved in these proceedings.

Judgment will be entered for the petitioner that there is no deficiency.